**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KEVIN C. ANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-16-878-D |
| ) | |
| AMERICAN FARMERS & RANCHERS ) | Jury Trial Demanded |
| MUTUAL INSURANCE CO., a/k/a AFR ) | Attorney Lien Claimed |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF**, and for his cause of action, shows the Court as follows:

### PARTIES

1. The Plaintiff is Kevin Anders, an adult resident of Midwest City, Oklahoma, in Oklahoma County, who at all pertinent times was over the age of fifty (50) years old.

2. The Defendant is American Farmers & Ranchers Mutual Insurance Co. a/k/a AFR, a corporation doing business in Oklahoma County, Oklahoma.

### JURISDICTION AND VENUE

3. The Plaintiff asserts claims for gender and age discrimination under Title VII of the Civil Rights Act of 1964, the ADEA and the Oklahoma Anti-Discrimination Act (OADA). Jurisdiction for the federal claims is provided by 28 U.S.C. §§ 2000e-5(f), 29 U.S.C. § 626(c) and 28 U.S.C. § 1331. The state law claims arise out of the same core of facts and jurisdiction is provided by 28 U.S.C. § 1367.

4. All of the acts complained of herein occurred in Oklahoma County, Oklahoma, and the Defendant may be served there. Oklahoma County is located in the Western District of the United States District Court for Oklahoma such that venue exists in this case under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

## STATEMENT OF FACTS

5. The Plaintiff was born in 1958.

6. The Plaintiff was an employee of the Defendant from approximately Feb. 10, 2014, until his termination on or about Sept. 11, 2015.

7. The Defendant had over twenty (20) employees during each of at least twenty(20) weeks of calendar years 2015 and 2016.

8. Plaintiff's position at the time of his termination was Director of Technology Services and Development.

9. Plaintiff was performing his job in a satisfactory manner at the time of his termination.

10. Plaintiff was terminated by Richard Herren (hired approximately Jan. 2015, age approximately 50) with no statement of reasons. Plaintiff requested an explanation and Defendant refused to give an explanation. Whatever reason may be given now is false, and pretext to disguise age and gender discrimination.

11. During Plaintiff's employment, Mr. Herren made repeated statements expressing an age bias, including referring to the Plaintiff weekly in a

sarcastic manner as a "wise old owl", and making remarks in words to the effect of "pruning [the workforce] well to make sure we keep energy", that we need a "new approach", a "fresh approach", a "new perspective" and a "new team."

12. Herren also hired younger employees and promoted an under 40 man to be director of software development- a position which was subordinate to Plaintiff- without Plaintiff's input, while transferring work from the Plaintiff to the younger replacement. Defendant by-passed Ann Patton (apprx. 50's) and replaced her with Mr. Puttoff (late 30's). Defendant created a position for Casey Davis (apprx 30's). Defendant hired 11 new IT employees in the age range of 25 to under 40, and terminated Robert Miller (50's), Brian Chirgwin (50's) and Dave Meyers (late 50's).

13. Defendant gave the Plaintiff a severance package with statistics of persons retained and terminated which package omitted Plaintiff's younger replacement.

14. Mr. Herren's age bias was accompanied by a gender bias in favor of younger women. Mr. Herren would kiss younger women at awards events and make other displays of favoritism. To Plaintiff's understanding, Mr. Herren was counseled and/or disciplined for misconduct in his interactions with females.

15. Plaintiff timely filed a charge of discrimination with the EEOC on or about Oct. 21, 2015, which is less than 180 days following his termination in Sept. 2015. Plaintiff's right to sue letter was issued on or about on or about May

12, 2016, and received thereafter. This lawsuit is filed in less than 90 days from the issuance and receipt of such right to sue, and is therefore timely.

16. As the direct result of Defendant's discriminatory actions, Plaintiff has suffered the loss of wages and benefits, past, present, and continuing into the future, and for which the Plaintiff is entitled to compensation.

17. Because the actions of the Defendant were willful, Plaintiff is entitled to an award of liquidated damages equal to Plaintiff's wage and benefits loss through the date of trial of this action. Under Title VII, Plaintiff is entitled to an award of punitive damages.

## PRAYER

Plaintiff prays that he be awarded his actual damages, together with liquidated and punitive damages, costs, and attorney's fees, together with pre- and post-judgment interest, and any equitable relief which may be appropriate.

**RESPECTFULLY SUBMITTED THIS 2nd DAY OF AUGUST, 2016.**

s/ Mark Hammons
Mark Hammons, OBA No. 3784
HAMMONS, GOWENS, HURST & ASSOC
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: mark@hammonslaw.com
**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**